IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIME RECORDS PUBLISHING INC and
BOBBY MARTIN PRODUCTIONS INC,

       Plaintiffs,

vs.

JENNIFER PERKINS and KEVIN PERKINS,

       Defendants.

Case No. 13-cv-465-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case management. Specifically, the Court questions whether it has jurisdiction over this matter.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

Here, plaintiffs used a "Pro Se Civil Rights Complaint (Non-Prisoner)" form from the Court to file their complaint. The body of their complaint, however, does not allege a violation of their civil rights. Rather, it appears to allege a breach of contract claim. Because this breach of contract claim does not raise a federal question, it can only be before the Court if plaintiffs establish diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

To proceed under diversity jurisdiction, the statute requires complete diversity between the parties and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  To establish complete diversity, "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen."  *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997).  "For the purposes of [§ 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business."  *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) (emphasis added).

Here, plaintiffs have failed to properly plead the citizenship of the parties.  Specifically, plaintiffs failed to allege the state of their incorporation, the state in which they operate their principal places of business, and the citizenship of defendants.  Thus, the Court cannot conclude that complete diversity exists.  Further, the complaint only alleges an amount in controversy of $2,000, far short of the $75,000 requirement.  For these reasons, the Court doubts its jurisdiction over this matter.

Accordingly, the Court **ORDERS** plaintiffs to file an amended complaint correcting these and *any other* jurisdictional defects by **June 7, 2013.**  *See Tylka*, 211 F.3d at 448.  Should plaintiffs fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED:** May 20, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

.